```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
       v.                          )    Civil No. 2012-22
                                   )
EDWIN ROJAS,                       )
                                   )
            Defendant.             )
                                   )
                                   )
                                   )
```

ATTORNEYS:

**Ronald Sharpe, United States Attorney**
**Jason T. Cohen, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the plaintiff,*

**Edwin Rojas**
St. Thomas, VI
    *Pro se defendant.*


### JUDGMENT

**GÓMEZ, J.**

Before the Court is the motion of the plaintiff, the United States of America (the "Government"), for default judgment against the defendant, Edwin Rojas ("Rojas").

Upon consideration of the record, the Court finds the following facts:

1. On July 13, 2009, Rojas navigated the vessel M/V Nauti Nymph from St. Thomas to Vieques, Puerto Rico with two passengers. Rojas did not report his vessel's arrival in Puerto Rico, nor did he have a license permitting unlading of his two passengers.

2. Upon Rojas's arrival at Vieques, Immigration and Customs Enforcement ("ICE") agents approached Rojas and ordered him to stop the vessel and disembark. Rojas failed to do so and fled. Thereafter, he was apprehended by officers from Customs and Border Patrol ("CBP") about a mile from Vieques.

3. CBP fined Rojas $6,500 for his failure to report his vessel's arrival and his failure to obtain a permit for the unlading of his passengers.

4. Rojas was criminally charged with alien smuggling under Title 8 of the United States Code. He pled guilty to that offense in the United States District Court for the District of Puerto Rico on December 22, 2009.

5. On May 7, 2010, Rojas offered to mitigate the penalty imposed by CBP. Rojas offered to pay $650, or 10% of the original fine. The Government accepted.

6. On July 10, 2010, Rojas signed a settlement agreement (the "Agreement"), stipulating that payment of $650 would be made within 30 days of the Agreement's execution. The

      Agreement's terms stated that such payment would satisfy Rojas's obligation to pay the full $6,500 penalty amount.

7. The Agreement included a term stating that failure to pay the $650 to CBP within 30 days of the Agreement's execution would void the Agreement. Thus, if Rojas failed to pay within 30 days, he would be liable for the full $6,500 fine.

8. Rojas failed to pay the $650 within 30 days of the Agreement's execution.

9. On November 17, 2010, the Government sent a reminder notice to Rojas.

10. Thereafter, on November 25, 2010, Rojas requested an extension of time to pay the $650 Agreement amount. Rojas stated that because he was incarcerated and indigent, he required more time to make payment.

11. Rojas was released from prison on December 14, 2010.

12. On July 13, 2011, CBP sent notice to Rojas at his home address on St. Thomas that CBP had learned Rojas had been released from prison. CBP informed Rojas that if the $650 payment was not received within 20 days, CBP would seek to collect the full amount of the original penalty.

13. Rojas did not pay the $650 to CBP.

14. To date, Rojas has failed to pay either the Agreement amount or the original fine to the Government.

15. The Government filed a civil complaint on March 23, 2012, seeking to collect the full $6,500 penalty amount.

16. On March 29, 2012, the Government mailed Rojas, at his last-known address, a notice of the lawsuit and request for waiver of summons. The envelope addressed to Rojas was returned "unclaimed." Thereafter, the Government requested, and the Court granted, court-directed service. On June 29, 2012, the summons was returned unexecuted by the United States Marshalls. Finally, on October 31, and November 7, 14, and 21, 2012, the Government issued notice via publication.

17. Rojas did not answer or otherwise appear.

18. Rojas is not an infant or incompetent. Rojas is not a member of the military of the United States.

19. The Clerk of Court entered default against Rojas on May 7, 2013.

20. The current balance of the fine due to CBP is $6,500.

The premises considered, it is hereby

**ORDERED** that the Government's motion for default judgment is **GRANTED**; it is further

**ORDERED** that the United States is awarded judgment in the amount of $6,500. Interest shall accrue from the date of this Judgment at the statutory rate; it is further

United States v. Rojas
12-cv-22
Judgment
Page 5

**ORDERED** that the Government shall have any and all writs necessary to execute the terms of this Judgment; and it is further

**ORDERED** that the Clerk of Court shall close this case.

                                                  S_____
                                                    **CURTIS V. GÓMEZ**
                                                    **District Judge**